DOCKET NO. 122

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

OCT 20 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE EVERGREEN VALLEY PROJECT LITIGATION

ORDER REASSIGNING LITIGATION

It is hereby ordered that this litigation be, and the same hereby is, reassigned to the Honorable Hugh H. Bownes sitting by designation in the District of Massachusetts pursuant to 28 U.S.C. §292(b).

FOR THE PANEL:

John Minor Wisdom

John Minor Wisdom
Chairman

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE EVERGREEN VALLEY ) DOCKET NO. 122
PROJECT LITIGATION )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation involves the financing for the construction of a resort complex in the State of Maine and consists of three actions in the District of Massachusetts and one action in the Southern District of New York. The corporation developing the complex issued through its underwriter two classes of municipal bonds, designated Series A and Series B, which were secured by similar collateral. When the resort project faltered and construction stopped, the bonds became in default as a result of failure to pay interest. Purchasers of the bonds have sued the issuing development corporation, the bond rating company and the bond underwriter and its alleged successors for securities laws violations and fraudulent misrepresentations in the bond offering prospectus.

The underwriter of the bonds, a common defendant in all four actions, moves the Panel, pursuant to 28 U.S.C. §1407, for transfer of the action filed in New York on behalf of all Series B bondholders to the District of Massachusetts for pretrial proceed-

---

\* Although Judge Weinfeld was not present at the hearing, he has, with the consent of all parties, participated in this decision.

ings with the three actions brought by the Series A bondholders.[1/] We find that these actions involve common questions of fact and that transfer of the New York action to Massachusetts for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The bond rating corporation, a defendant in only one of the Massachusetts actions, and plaintiffs in the New York action oppose transfer on the ground that the Series A and Series B bonds are substantially different in nature and legal effect and that, therefore, the actions involve only limited common questions of fact. They also argue that since the class allegations in the New York and Massachusetts actions are different, there is no possibility of inconsistent class determinations absent transfer.

Although we agree that there is little likelihood for conflicting class determinations absent transfer, we find that there are sufficient common questions of fact between the lawsuits brought by Series A and Series B bondholders to warrant transfer of these actions under Section 1407 to a single district for coordinated or consolidated pretrial proceedings. Common to both types of actions are questions concerning alleged misrepresentations in the same offering prospectus which will clearly involve discovery of many of the same documents and witnesses. In addition, the New York and Massachusetts actions raise a common issue as to whether certain of the named defendants are successors to the bond underwriter and therefore legally responsible for any liabilities which may result. Transfer will eliminate the possibility of

---

1/ Three additional actions filed in the District of Maine were originally part of this litigation, but were dismissed prior to hearing before the Panel.

duplicative discovery and inconsistent determinations with respect to this issue.

The District of Massachusetts is the most appropriate transferee forum for this litigation. The vast majority of the parties are already present in that district. In addition, the three Massachusetts actions have been assigned to Judge Frank J. Murray, who is already familiar with the parties and the underlying transactions.

Finally, one of the plaintiffs in Massachusetts argues that his individual action arising out of purchases of Series A bonds is ready for trial and that inclusion of his action in the coordinated or consolidated pretrial proceedings would delay the expeditious handling of his case. The transferee judge, however, is in the best position to make that determination. If the action is indeed ready for trial, the transferee judge may proceed to set it for trial without hindering the just and efficient conduct of any of the other actions.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, are assigned to the Honorable Frank J. Murray for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 122 |

## SOUTHERN DISTRICT OF NEW YORK

Louis Lenzer, et al. v. Glore Forgan, Wm. R. Staats, Inc., et al.   Civil Action No. 72 Civ. 2911

## DISTRICT OF MASSACHUSETTS

Edward M. Sharzer, et al. v. The Development Corp. for Evergreen Valley, et al.   Civil Action No. 72-752

Edward N. Block, et al. v. Glore Staats Corp., et al.   Civil Action No. 71-3930

Edward M. Block, et al. v. F. I. duPont, Glore Forgan & Co., et al.   Civil Action No. 72-301

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE EVERGREEN VALLEY PROJECT LITIGATION )
)
Louis Lenzer, et al. v. Glore Forgan, )
et al., D. Massachusetts, Civil Action )
No. 74-2641-M )

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 15 1977

DOCKET NO. 122
PATRICIA D. HOWARD
CLERK OF THE PANEL

8/15/77

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER*, JUDGES OF THE PANEL.

PER CURIAM

On November 6, 1973, pursuant to 28 U.S.C. §1407, the Panel transferred an action (Lenzer) from the Southern District of New York to the District of Massachusetts for coordinated or consolidated pretrial proceedings with three actions pending there. In re Evergreen Valley Project Litigation, 366 F. Supp. 510 (J.P.M.L. 1973). These actions are currently assigned to the Honorable Hugh H. Bownes of the District of New Hampshire, sitting in the District of Massachusetts by designation pursuant to 28 U.S.C. §292(b).

This litigation involves the financing for the construction of a resort complex in the State of Maine. The corporation developing the complex issued two classes of municipal bonds, Series A and Series B, which were secured by similar collateral. The resort projected faltered,

---

*Judges Lord and Harper took no part in the consideration or decision of this matter.

construction stopped, and the bonds went into default. Lenzer was brought as a class action on behalf of purchasers of Series B bonds, whereas the other three actions were brought by or on behalf of purchasers of Series A bonds. Defendants in the four actions are the issuing development corporation, the bond rating company, the bond underwriter, its successors and certain individuals. Plaintiffs allege that these defendants violated the federal securities laws, inter alia, in connection with the offering of the two classes of bonds.

Upon the suggestion of the transferee court, the Panel conditionally remanded Lenzer to the Southern District of New York for further proceedings. See Rule 11(f), R.P.J.P.M.L., 65 F.R.D. 253, 262 (1975). Only a defendant in that action, Charles W. Barnes, opposes remand. We find that remand of Lenzer is appropriate at this time and, accordingly, we order that action remanded to the Southern District of New York for further proceedings.

Judge Bownes has found that because of the pendency of related actions in the state courts of Maine and New York, further pretrial discovery in federal court concerning the Series A bondholders is unnecessary. Therefore, he concluded, Lenzer, which concerns only Series B bondholders, will no longer benefit from multidistrict treatment with the three actions concerning only Series A bondholders.

Defendant Barnes requests that <u>Lenzer</u> not be remanded until Judge Bownes rules on defendant Barnes' motion to dismiss which is pending in <u>Lenzer</u>. We see no reason to delay remand pending the disposition of that motion. It can easily be presented to and determined by the transferor court.

The governing statute states that each action transferred by the Panel "shall be remanded by the [P]anel at or before the conclusion of such [coordinated or consolidated] pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. §1407(a). It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate. Thus, in considering remand of this action, the Panel is greatly influenced by the transferee judge's suggestion that remand of the action is appropriate. <u>In re Air Crash Disaster Near Dayton, Ohio</u>, 386 F. Supp. 908, 909 (J.P.M.L. 1975). Judge Bownes' suggestion that remand of <u>Lenzer</u> is appropriate is obviously an expression that he perceives his role under Section 1407 to be completed. We adopt his recommendation and order remand of <u>Lenzer</u>.

- 4 -

IT IS THEREFORE ORDERED that the action entitled Louis Lenzer, et al. v. Glore Forgan, et al., D. Massachusetts, Civil Action No. 74-2641-M be, and the same hereby is, REMANDED to the Southern District of New York.